

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8671 | **DATE** | 3/16/2004 |
| **CASE TITLE** | DAVID BOND vs. GATX FINANCIAL CORPORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's motion for summary judgment as to both claims is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 17 200 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | 1S | 19 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID BOND,             )
                        )
            Plaintiff,  )
                        )
      vs.               )   No. 02 C 8671
                        )
GATX FINANCIAL CORPORATION, )
                        )
            Defendant.  )

## MEMORANDUM OPINION AND ORDER

Plaintiff David Bond brought this two-count complaint alleging breach of contract and fraudulent concealment. Defendant GATX Financial Corporation (GATX) filed a motion for summary judgment as to both claims. For the following reasons, defendant's motion is granted.

## BACKGROUND

In late 2000, plaintiff received two offers of employment: one from the defendant and another from Strong Capital Management. While deciding which of the offers to accept, plaintiff had a meeting with GATX employees Dean Bonomo and Kathy Jackson. Bonomo and Jackson allegedly told plaintiff about GATX's bonus structure, under which an employee who performs in an outstanding manner may receive a bonus of up to three times his or her base salary. Additionally, GATX, through Bonomo and Jackson, promised plaintiff a signing bonus of $50,000, payable on March 1, 2001.

Plaintiff received from defendant a letter detailing the terms of the employment offer, which he signed. The letter guaranteed plaintiff a base salary of $125,000, and the signing

bonus of $50,000. It also provided that he was eligible to participate in defendant's incentive bonus plan "from your first day of employment." Plaintiff began working for GATX on November 27, 2000. Shortly after he started work, plaintiff was assigned to an important and valuable deal that needed to be completed before the end of the year. Plaintiff worked hard to successfully complete the project and was told that he did a very good job in doing so.

In early 2001, defendant paid bonuses to its employees. In addition to the $50,000 guaranteed by the contract, defendant received $10,000 for his work in the last month of 2000. He now claims, however, that he should have received a bonus of three times his base salary of $125,000. Alternatively, he claims that defendant, when trying to get him to accept its offer, fraudulently concealed the process it uses to calculate bonuses by failing to tell him that it would be based on a pro-rated salary.

## DISCUSSION

The court's function in ruling on a motion for summary judgment is merely to determine if there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Only if the evidence on file shows that no such issue exists and that the moving party is entitled to judgment as a matter of law will the motion be granted. Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002).

In order to prove breach of contract, the plaintiff must show (1) the existence of a valid, enforceable contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) resulting damages. Henderson-Smith & Associates, Inc. v. Nahamani Family Service Center, Inc., 752 N.E.2d 33, 43 (Ill. App. 1 Dist. 2001).

Plaintiff does not prove that defendant breached the employment contract in any way. He was paid the base salary and the signing bonus, as required by the letter. He also received an additional bonus of $10,000, resulting in a total bonus of $60,000 for 2000. Even assuming the truth of plaintiff's assertions concerning the meeting with Bonomo and Jackson, he fails to show that there was a valid contract requiring defendant to pay him any additional amount. At best, he proves that outstanding employees received bonuses based on some multiple of their salaries. He claims that his work in 2000, despite the fact that he did not begin working until November, rose to this level. Even if true, he does not prove the existence of any statement in which defendant *promised* to pay him a similar amount based on his performance.

Likewise, he fails to prove fraudulent concealment. In Illinois, such a claim requires that the plaintiff demonstrates (1) the concealment of a material fact; (2) the concealment was intended to induce a false belief; (3) the innocent party could not have discovered the truth through a reasonable inquiry; (4) the injured party would have acted differently had he known the truth; and (5) the reliance caused the damage. Schrager v. North Community Bank, 767 N.E.2d 376, 384 (Ill. App. 1 Dist. 2002).

Plaintiff claims that defendant never told him that his bonuses would be based on a pro-rated salary, even though a subsequent letter from GATX employee Thomas Nord indicated that his bonus was calculated in that way. He alleges that had defendant disclosed this information he would not have accepted the employment offer. Again, plaintiff had no contractually enforceable right to receive any bonus other than the $50,000 signing bonus. Plaintiff does not demonstrate how defendant could have fraudulently represented its process of calculating bonuses that it had no obligation to pay.

Notwithstanding Nord's use of the term "pro-ration" in the letter, the evidence shows that defendant based its bonuses on the amount of business an employee brought to the firm. As a result, the duration of an employment was a factor in the final bonus amount, though not a determinative one. Because he worked for defendant for a short period of time, plaintiff's performance in 2000 consisted only of the completion of a deal and did not involve any origination of business. Defendant determined that $60,000 was an appropriate bonus for his work and we are not in the position to review its business decision.

This claim is necessarily intertwined with the breach-of-contract claim. Plaintiff does not claim that Bonomo and Jackson misrepresented the role of original business in the bonus structure when recruiting him. Indeed, it would be difficult for him to make such a claim. At the time of the meeting all parties assumed that plaintiff would be employed by GATX for a long period of time, originate business and collect bonuses. Accordingly, there was no particular reason to highlight the difference in bonuses for the different types of work. As it turned out, however, plaintiff worked for the defendant for less than a year and never reaped the rewards of bringing in a substantial amount of business. Absent such a contribution by the plaintiff, he points to nothing in the evidence that would indicate he was promised such a bonus or that he was materially misled about the bonus process.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 16, 2004.